Filed 3/16/26  P. v. Thompson CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PETER JAMES THOMPSON,<br><br>Defendant and Appellant. | A173288<br><br>(Del Norte County<br>Super. Ct. No. CRF22-9599) |

**MEMORANDUM OPINION**[1]

Defendant Peter James Thompson appeals from the trial court's order terminating his felony probation after he admitted to various probation violations.  The court found a factual basis for Thompson's admissions and sentenced him to two years in state prison.  Thompson's appointed counsel on appeal filed a brief raising no issues but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having conducted an independent review of the record pursuant to the holding in that case, we affirm.

In February 2023, Thompson pled no contest to one felony count of

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

1

evading a police officer while driving recklessly (Veh. Code, § 2800.2, subd. (a))[2] and one misdemeanor count of driving with a blood alcohol content (BAC) of .08 percent or more (§ 23152, subd. (b)). As to the latter count, Thompson admitted the special allegation that he drove 20 or more miles per hour above the speed limit. (§ 23582.) The court suspended imposition of sentence on the felony count and placed Thompson on formal probation for two years subject to various terms and conditions, including a 240-day county jail sentence with eight days of credit for time served. On the misdemeanor count, the court placed Thompson on informal probation for three years. It also imposed but suspended a probation revocation fine of $300.

In March 2024, the People filed a petition to modify or revoke probation based on Thompson's failure to attend a required court hearing. The following month, the probation department filed a petition to revoke probation, alleging that Thompson failed to appear in court and failed to report to the department within one business day of his release from jail on two separate occasions. The petition further alleged that Thompson took a breathalyzer test on March 24 and had a BAC of 0.17 percent. Thompson denied the allegations. Pending further proceedings, the trial court allowed Thompson to remain free on his own recognizance but ordered that he stay home, except to attend court or probation and medical appointments.

After Thompson failed to appear in court again in April 2024, the trial court revoked his probation and issued a bench warrant for his arrest. The warrant was served and returned on June 4, and Thompson remained free on his own recognizance. In August, the court issued another bench warrant after Thompson failed to appear at another hearing. The warrant was served

---

[2] All further statutory references are to the Vehicle Code unless otherwise specified.

and returned, and Thompson was released again on his own recognizance and ordered to appear in court in September.  In October, the probation department filed another petition to revoke probation, alleging that Thompson failed to provide urine samples as required on various dates, failed to check in with the department as directed between October 1 and 10, and violated Penal Code section 278 on October 9.  That same month, the court revoked Thompson's probation and issued a no-bail warrant for his arrest.

In March 2025, Thompson admitted the probation violations alleged in the probation department's April and October 2024 petitions.[3]  The trial court found a factual basis for the admissions and concluded that they were made knowingly, expressly, and freely.  On the People's motion, the court dismissed the March 2024 petition.  The court terminated Thompson's probation and sentenced him to a middle term of two years in state prison on the felony count.  It dismissed "[a]ll remaining counts [and] enhancements."  The court imposed the previously suspended $300 probation revocation fine and awarded Thompson 256 days of presentence custody credits.

The *Wende* brief filed by Thompson's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744.  Thompson was apprised of his right to file a supplemental brief but did not file one.  Following *Wende* guidelines, we have conducted an independent review of the record and conclude that there are no meritorious issues to be argued on appeal.

---

[3] The alleged violation of Penal Code section 278 was amended in open court to a violation of Penal Code section 166, subdivision (a)(1), and Thompson admitted this amended violation.

## DISPOSITION

The judgment is affirmed.

CHOU, J.

We concur.

JACKSON, P. J.
BURNS, J.

A173288/ *P. v. Thompson*